United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-60739
Summary Calendar

———————————

RUAT REM KIMI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 318 167
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ruat Rem Kimi, a native and citizen of Burma, has petitioned
for review of an order of the Board of Immigration Appeals (BIA)
affirming without opinion the immigration judge's (IJ) decision
denying her applications for asylum, withholding of removal, and
for relief under the Convention Against Torture (CAT).  The IJ
found that, although Kimi had been subjected to discrimination
and harassment, the incidents she described did not rise to the
level of past persecution based on her race, religion, or social
group.  Generally, we review the decision of the BIA and will

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consider the underlying decision of the IJ only if it influenced the BIA's determination. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). When, as in this case, the BIA adopts the IJ's decision without a written opinion, we review the IJ's decision. Id.

Kimi's described incidents with soldiers and military intelligence officers amounted to harassment that was no more egregious than other types of mistreatment that this court has held not to be persecution. See Fleurinor v. INS, 585 F.2d 129, 132 (5th Cir. 1978). "Neither discrimination nor harassment ordinarily amounts to persecution . . . even if the conduct amounts to 'morally reprehensible' discrimination on the basis of race or religion." Eduard v. Ashcroft, 379 F.3d 182, 188 (5th Cir. 2004). The IJ's finding that Kimi had not been persecuted was supported by substantial evidence.

Kimi also avers that the evidence compels a finding that she has a well-founded fear of future persecution because she established a pattern and practice of persecution of similarly situated groups in Burma based on their Christianity, Chin ethnicity, and their political opinions and she is included in and identifies with such groups. "To establish a well-founded fear of future persecution, an alien must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable." Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005) (internal quotation marks and citation omitted).

Assuming that Kimi had a subjective fear of persecution, as her application and testimony indicate, she cannot show that her fear was objectively reasonable. An alien may prove the objectivity of her persecution claim by showing that she would be singled out for persecution or, alternately, that there is a "pattern or practice" of persecution of a group of persons in which she is a member on account of an enumerated ground. Id. at 307-08; 8 C.F.R. § 208.13(b)(2)(iii)(A) (2005).

According to Kimi, the Burmese government likely is aware that Kimi is Christian and Chin. That knowledge, however, did not prevent the Burmese government from hiring her as a teacher and it did not so disturb the government that she suffered past persecution. The only characteristic that distinguishes Kimi from other Chin is her membership in the Chin National Front (C.N.F.). Kimi has not shown that the Burmese government was aware that she was a member of the C.N.F. Nor has she shown if or how such information could become available to the government. See Zhao, 404 F.3d at 309. Substantial evidence supports the IJ's decision, and Kimi's asylum claim fails.

Because Kimi has not met the requirements necessary to obtain asylum, she cannot meet the more onerous standards required to obtain withholding of removal. See Efe v. Ashcroft, 293 F.3d 899, 906 (5th Cir. 2002). Kimi's claim for withholding of removal also fails.

Kimi did not argue in her brief that she was due relief under the CAT. As such, the claim is waived. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993) (holding that issues must be briefed to be preserved on appeal).

Kimi's petition for review is DENIED.